[No. 2420.]

### ALEX. WISEMAN *v.* THE STATE.

1. SLANDER.—INFORMATION, to be sufficient to charge the offense of slander as defined by Article 645 of the Penal Code, must set forth, at least substantially, the words or acts which constitute the alleged imputation of a want of chastity.

2. SAME.—Such information should also allege that such words were uttered or spoken in the presence of some person or persons, and the better practice is that the names of such persons, or some of them, should be alleged.

APPEAL from the County Court of Bastrop.   Tried below before the Hon. D. Moore, County Judge.

The opinion discloses the case.   The punishment assessed by a verdict of guilty was a fine of one thousand dollars.

This case was submitted upon the testimony of the prosecution alone.   It was proved by three separate witnesses that, being approached by them as to the cause leading to his domestic troubles, the defendant declared that, during the four months of his married life, his wife had kept up a constant series of criminal assignations with four or five different men.   Several witnesses completely vindicated the character of the aspersed lady, in so far as it could be done by observation and general repute.

Besides a number of other grounds unnecessary to notice, the motion for new trial raised the question involved in the opinion of this court.

*B. D. Orgain* and *J. D. Sayers,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   This appeal is from a judgment of conviction obtained under an information, the charging portion of which is as follows: "did then and there unlawfully, orally and falsely, and maliciously impute to a certain female in this State, to wit, to Caroline Wiseman, a want of chastity, the said Caroline Wiseman being then and there married, and the lawful wife of said Aleck Wiseman."   It has been settled by this court that an indictment or information for the offense created by Article 645 of the Penal Code, to be sufficient, must set forth, at least substantially, the words or acts which constitute the alleged imputation of a want of chastity.   (*Lagrone* v. *The State,* 12 Texas Ct. App., 426; *Melton* v. *The State,* Id., 552.)

It has been also held by this court that the indictment or information should not only set out the words constituting the oral slander, but should charge, further, that such words were uttered or spoken in the presence of some one; and that the better practice would be to name the persons, or some of them, to whom the words were uttered.   (*McMahan* v. *The State,* 13 Texas Ct. App., 220.)

Because the information in this case is, in the particulars

above mentioned, defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered April 25, 1883.